IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ABIRA MEDICAL LABORATORIES, LLC d/b/a GENESIS DIAGNOSTICS<br><br>               Plaintiff,<br><br>     v.<br><br>BLUE CROSS BLUE SHIELD OF MISSISSIPPI, A MUTUAL INSURANCE COMPANY, ABC COMPANIES 1-100, AND JOHN DOES 1-100<br><br>               Defendants. | CIVIL ACTION<br>NO. 23-4974 |

**OPINION**

**Slomsky, J.**                                                  **August 13, 2024**

## I.   INTRODUCTION

This matter arises from unpaid laboratory tests. Pursuant to Federal Rule of Civil Procedure 12(b)(2), Defendant Blue Cross Blue Shield of Mississippi ("BCBSMS") moves to dismiss this suit for lack of personal jurisdiction.[1] For the following reasons, the Court lacks personal jurisdiction over Defendant BCBSMS, and Defendant's Motion to Dismiss the Complaint (Doc. No. 8) will be granted.[2]

---

[1] In Plaintiff's Complaint (Doc. No. 1), in addition to BCBSMS, Plaintiff names "ABC Companies 1 through 100 and John Does 1 through 100" as Defendants because Plaintiff alleges that ABC Companies and John Does "acted in concert with, through, and were/was the agent, employee, contractor, partner, servant, employee and/or representative, with the permission and consent of the other Defendants." (Doc. No. 1 at 4.) Presently, Plaintiff has not named any of these Defendants.

[2] In deciding this Motion, the Court has considered the following: the Complaint (Doc. No. 1), Defendant's Motion to Dismiss (Doc. No. 8), Plaintiff's Response in Opposition (Doc. No. 11), Defendant's Reply to Plaintiff's Response (Doc. No. 14), and the arguments of counsel for the parties at the July 18, 2024 hearing.

## II.     BACKGROUND

Plaintiff Abira Medical Laboratories, LLC, doing business as Genesis Diagnostics ("Genesis"), is a New Jersey-based company, operating a medical testing laboratory in Bucks County, Pennsylvania.  (Doc. No. 1 at 3.)  Genesis performs various medical testing for patients across the United States, including some insured by Defendant BCBSMS.  (Id. at 6.)  In Plaintiff's Complaint, it alleges that Defendant, acting through its agents, failed to pay for laboratory testing ordered by their insureds' physicians.  (Id. at 17.)  Plaintiff argues that between May 2016 and February 2019, third-party medical providers treating BCBSMS' members ordered laboratory testing from Genesis, totaling approximately $1.3 million in services for which proper payments were not made.  (Id. at 8.)

Defendant BCBSMS, as a health insurance provider, is contractually obligated "to pay for the laboratory testing of the insureds'/claimants' specimen."  (Id. at 17.)  When BCBSMS' insureds had their specimens submitted to Genesis, they authorized Genesis to collect payment from BCBSMS.  (Id. at 10.)  Genesis contends that third-party providers, by virtue of treating patients insured by BCBSMS, became agents of BCBSMS.  (Id. at 12.)  However, BCBSMS allegedly "regularly refused to pay and/or underpaid claims" submitted by Genesis, sprinkling the payment of some claims to coax Genesis into providing ongoing services.  (Id. at 9.)

On December 13, 2023, Plaintiff filed this suit asserting claims of (1) breach of contract, (2) breach of implied covenant of good faith and fair dealing, (3) fraudulent misrepresentation, (4) negligent misrepresentation, (5) promissory estoppel, (6) equitable estoppel, (7) quantum meruit/unjust enrichment, (8) violations of the Families First Coronavirus Response Act ("FFCRA") and Coronavirus Aid, Relief, and Economic Security Act ("CARES").  (Id. at 17-25.)  On February 16, 2024, Defendant responded by filing a Motion to Dismiss the Complaint.  (Doc.

No. 8 at 2.)  In Defendant's Motion, it submits that Plaintiff "cannot meet its burden to establish personal jurisdiction in this District over BCBSMS. . ." (Id.)  Specifically, Defendant claims that because BCBSMS is incorporated and has its principal place of business in Mississippi, this Court lacks general personal jurisdiction over it.  (Id. 5-6.)  Further, Defendant argues that specific personal jurisdiction over BCBSMS cannot be established because BCBSMS has not "purposefully directed" its activities at Pennsylvania, as they have "no presence in Pennsylvania and performed no processing or payment activities in Pennsylvania . . ." (Id. at 7.)

On February 8, 2024, Plaintiff filed a Response in Opposition (Doc. No. 11), contending that this Court has personal jurisdiction over BCBSMS based upon (1) BCBSMS's members' physicians forwarding laboratory specimens to Genesis facilities in Pennsylvania for testing; (2) Genesis submitting claims to BCBSMS for reimbursement, some of which BCBSMS paid; and (3) Defendant's representatives communicating intermittently with Genesis for payment of submitted tests.  (Doc. No. 11 at 7-8.)

On July 18, 2024, this Court held a hearing on the Motion to Dismiss.  (See Doc. No. 18.) At the hearing, the parties recited their respective positions, and BCBSMS argued this Court lacks personal jurisdiction over them.  (See id.)  Their counsel explained, among other things, that BCBSMS does not have the requisite minimum contacts with the forum state to show that BCBSMS engaged in a deliberate act by reaching out to do business in Pennsylvania.  (See id.)

## III.   STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(2) provides that a motion to dismiss may be filed when the court does not have personal jurisdiction over a defendant.  "Once challenged, the plaintiff bears the burden of establishing personal jurisdiction." O'Connor v. Sandy Lane Hotel Co., 496 F.3d 312, 316 (3d Cir. 2007) (citation omitted).  To show personal jurisdiction, the

plaintiff may rely on the allegations in the complaint, affidavits, or other evidence.  Metcalfe v. Renaissance Marine, Inc., 566 F.3d 324, 330 (3d Cir. 2009) (internal quotation and citation omitted).  However, to "survive a Rule 12(b)(2) motion to dismiss, a plaintiff may not merely rely on the allegations in its complaint."  Deardorff v. Cellular Sales of Knoxville, Inc., Civil Action No. 19-2642-KSM, 2020 WL 5017522, **1-2 (E.D. Pa. Aug. 25, 2020) (emphasis in the original) (citation omitted).  If the court "does not conduct [an] evidentiary hearing . . . [the] plaintiff need only plead [a] prima facie case" of jurisdiction to defeat a motion to dismiss.  Carteret Sav. Bank v. Shushan, 954 F.2d 141, 142 n.1 (3d Cir. 1992) (citations omitted).  In deciding a motion to dismiss for lack of personal jurisdiction, the court "must accept all of the plaintiff's allegations as true and construe disputed facts in favor of the plaintiff."  Id.  (citations omitted).

## IV.    ANALYSIS

In its Motion to Dismiss, Defendant BCBSMS asserts that the Court does not have general or specific jurisdiction over it.  (Doc. No. 8 at 5-8.)  This assertion is supported with the following facts: (1) BCBSMS is a Mississippi entity, (2) BCBSMS' payment of some claims submitted by Genesis constitutes a unilateral activity that is insufficient to establish personal jurisdiction, (3) the actions of BCBSMS members' physicians, who do not reside in Pennsylvania, in ordering laboratory testing cannot be attributed to BCBSMS; and (4) the Employee Retirement Income Security Act of 1974 ("ERISA") does not provide the court with personal jurisdiction as it was intended to expand venue, not personal jurisdiction.  (See id.)  For reasons discussed below, the Court agrees with Defendant, and its Motion to Dismiss the Complaint (Doc. No. 8) will be granted.

"Personal jurisdiction may be either general or specific."  General Elec. Co. v. Deutz AG, 270 F.3d 144 (3d Cir. 2001).  A court may exercise general jurisdiction over a nonresident party

when "their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State."  Daimler AG v. Bauman, 571 U.S. 117, 127 (2014) (citations omitted).  "For a corporation, 'the place of incorporation and principal place of business' are where it is 'at home' and are, therefore, the paradigm bases for general jurisdiction."  Malik v. Cabot Oil & Gas Corp., 710 Fed.Appx. 561, 563 (3d Cir. 2017) (citing Daimler, 134 571 U.S. at 127).  "Consequently. . . it is 'incredibly difficult to establish general jurisdiction [over a corporation] in a forum other than the place of incorporation or principal place of business.'"  Id. at 563-64 (quoting Chavez v. Dole Food Co., 836 F.3d 205, 223 n.90 (3d Cir. 2016) (en banc)) (emph. added in Chavez).

Here, because Defendant BCBSMS is incorporated and has its principal place of business in Mississippi, it is not at home in Pennsylvania.  (Id. at 4.)  Even Genesis agrees that personal jurisdiction may not be established on this basis.  (Doc. No. 11 at 7.)  Therefore, the Court confines the inquiry to whether it exercises specific jurisdiction over BCBSMS.

The test for specific jurisdiction entails a three-step analysis.  D'Jamoos ex rel. Est. of Weingeroff v. Pilatus Aircraft Ltd., 566 F.3d 94, 102 (3d Cir. 2009).  First, a court must evaluate whether the defendant established minimum contacts by "deliberately 'reach[ing] out beyond' its home—by, for example, 'exploit[ing] a market' in the forum State or entering a contractual relationship centered there."  Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct., 592 U.S. 351, 359 (2021) (quoting Walden v. Fiore, 571 U.S. 277, 285 (2014)).  Second, the court must determine whether the litigation "arise[s] out of or relate[s] to" at least one of those contacts.  Ford Motor, 592 U.S. at 352 (quoting Bristol-Myers Squibb Co. v. Super. Ct. of Cal., S. F. Cnty., 582 U.S. 255, 262 (2017)).  Third, if the first two requirements are met, a court may consider whether exercising personal jurisdiction over the defendant "offend[s] traditional notions of fair play and substantial

justice." <u>Ford Motor</u>, 592 U.S. at 358 (quoting <u>International Shoe Co. v. Washington</u>, 326 U.S. 310, 316-17 (1945)).

Here, the first prong is dispositive. Defendant BCBSMS did not "purposefully avail itself of the privilege of conducting business within the forum State . . ." <u>Hanson v. Denckla</u>, 357 U.S. 235, 253 (1958). While physical entrance is not required, there must be some "deliberate targeting of the forum." <u>Id.</u> "[U]nilateral activity of those who claim some relationship with a nonresident defendant" is insufficient. <u>See id.</u> And "so '[c]ourts should be careful to avoid mistaking a plaintiff's, or other individual's, contacts with the out-of-state defendant for evidence of the defendant's 'reaching out' into the forum.'" <u>Abira Med. Lab'ys, LLC v. Anthem Blue Cross Blue Shield Missouri</u>, No. CV 23-4940, 2024 WL 1704981, at *2 (E.D. Pa. Apr. 19, 2024) (quoting <u>Abira Med. Lab'ys, LLC v. Johns Hopkins Healthcare LLC</u>, No. 2:19-CV-05090-AB, 2020 WL 3791565, at *4 (E.D. Pa. Jul. 7, 2020)).

BCBSMS did not purposefully avail itself of the privilege of conducting business in Pennsylvania. As Defendant's Motion explains, it has no physical presence in the state, does not solicit benefit plans in the state, and has no plans to do so. (Doc. No. 8 at 5.) The only contacts that Plaintiff contends Defendant has with Pennsylvania are (1) laboratory samples were sent to Genesis for testing; (2) Genesis requested payment from BCBSMS for these services, some of which were paid out by Defendant; and (3) Defendant's representatives intermittently communicated with Genesis for payment of submitted tests. (Doc. No. 11 at 7-8.) Regardless of whether these contacts transpired in the manner that Plaintiff contends, they simply do not demonstrate that BCBSMS has sufficient contacts with Pennsylvania to warrant the assertion of personal jurisdiction over it in this case.

Beginning with the first contact, submitting patient laboratory samples to Genesis's facility for testing does not amount to an effort by Defendant to exploit the market in Pennsylvania. According to the Complaint, it was third-party medical providers', not BCBSMS', decision to send patient samples to Genesis's Pennsylvania facility.  (Doc. No. 1 at 7.)  Thus, this contact is between the third-party medical providers and Genesis, not BCBSMS and Genesis.

Moreover, this contact, even if it does constitute the required "deliberate targeting of the forum" to establish personal jurisdiction, is not attributable to BCBSMS.  Genesis claims that third-party medical providers, by treating patients insured by BCBSMS, somehow became the agents of the insurer, subjecting BCBSMS to the jurisdiction of Pennsylvania's courts because of the agents' contacts with the forum.  (Doc. No. 11 at 6.)  Sufficient factual allegations must be plead to establish jurisdiction through agency relationship, including "(1) a manifestation of consent by the principal that the agent will act for it; (2) a consent to act by the agent; and (3) subjection to the control of the principal."  Staropoli v. Metropolitan Life Ins. Co., 465 F.Supp.3d 501, 514 (E.D. Pa. 2020) (citation omitted).  But the Complaint is devoid of allegations supporting the existence of an agency relationship between BCBSMS and the third-party medical providers.  Thus, the actions of the third-party medical providers lack jurisdictional significance.

The second contact, Genesis's submission of payment requests and BCBSMS's subsequent payment of some of these claims, is also insufficient to establish jurisdiction.  Specific personal jurisdiction is founded upon "some act by which the defendant," not the plaintiff, exploits the market in the forum state.  Hanson, 357 U.S. at 253.  A defendant mailing payment of some claims to a location unilaterally chosen by the plaintiff does not rise to the level of purposeful availment.  See Abira Medical Laboratories, LLC v. Johns Hopkins Healthcare LLC, No. 2:19-CV-05090-AB, 2020 WL 3791565, at *5 (E.D. Pa. July 7, 2020).  It was Genesis that chose to reach out from

the forum state by requesting the payment of claims from BCBSMS, constituting a unilateral activity that does not provide a basis for personal jurisdiction.

Finally, the Complaint claims the "intermittent communication" between Genesis and Defendant supports specific jurisdiction. (Doc. No. 1 at 9.) This argument is not persuasive. "Informational communications in furtherance of a contract between a resident and a nonresident" does not render a defendant amenable to suit within the forum state. Vetrotex Certainteed Corp. v. Consol. Fiber Glass Prods. Co., 75 F.3d 147, 152 (3d Cir. 2004). Similarly, the periodic communications between Genesis and BCBSMS, which were principally responsive to claims Genesis submitted, do not support the notion that Defendant "purposefully directed his activities at the forum." Lehigh Gas Wholesale, LLC v. Breaktime Corner Mkt., LLC, No. CV 23-953, 2023 WL 8845344, at *1 (E.D. Pa. Dec. 21, 2023) (citing Danzinger & DeLlano, LLP v. Morgan Verkamp LLC, 948 F.3d 124, 129-130 (3d Cir. 2020)).

Plaintiff's final argument—that ERISA provides this Court with personal jurisdiction over BCBSMS—fails too. According to the Complaint, ERISA provides "relaxed jurisdictional requirements . . .", requiring minimum contacts with the United States as a whole. (Doc. No. 1 at 5.)[3] Using ERISA's venue provision in 29 U.S.C. § 1132(e)(2), Plaintiff attempts to invoke

---

[3]   Plaintiff alleges that ERISA's "relaxed jurisdictional requirements" arise from 29 U.S.C. § 1132(e)(2). 29 U.S.C. § 1132(e)(2) states:

> Where an action under this subchapter is brought in a district court of the United States, it may be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found, and process may be served in any other district where a defendant resides or may be found.

§ 1132(e)(2). While other Circuits have found that this provision expands ERISA's jurisdiction to anywhere in the United States, the Third Circuit has not definitively resolved this point. See Medical Mut. of Ohio v. deSoto, 245 F.3d 561, 566-67 (6th Cir. 2001); Board of Trustees, Sheet

personal jurisdiction under ERISA, arguing that BCBSMS has the requisite minimum contacts with the United States.  Id.  Defendant disagrees, claiming ERISA's statutory language was intended to expand venue, not personal jurisdiction.  (Doc. No. 8 at 9.)  Because district courts in the Third Circuit have interpreted the ERISA statute to expand venue, the Court agrees with Defendant.  See Williams v. Reliance Standard Life Ins. Co., No. CV 20-5036, 2021 WL 3852105 (E.D. Pa. Aug. 27, 2021); see also Abira Med. Lab'ys, LLC v. Anthem Blue Cross Blue Shield Missouri, No. CV 23-4940, 2024 WL 1704981, at *2 (E.D. Pa. Apr. 19, 2024).

In Abira, one case in the series of actions that Genesis has filed in the Third Circuit against out-of-state insurance companies for unpaid laboratory testing bills, the court expounded on the unavailing contention that ERISA relaxes jurisdictional requirements:

> . . . Genesis contends that the Employee Retirement Income Security Act of 1974 ("ERISA") created "relaxed jurisdictional requirements" for plaintiffs.  Even if true, this would be irrelevant; the claims enumerated in Genesis's Complaint sound in state contract and quasi-contract law, not the ERISA statute.  And in any event, while the Third Circuit has not definitively resolved the point, Genesis is likely wrong that ERISA confers nationwide jurisdiction.  It appears far more likely that the statutory language cited by Genesis [29 U.S.C. § 1132(e)(2),] "[was] meant to expand venue not personal jurisdiction."

Abira, 2024 WL 1704981, at *4 (quoting Williams, 2021 WL 3852105, at *4).  This rationale is instructive here because the Complaint cites to statutory language nearly identical to the statutory language cited in Abira.  See id.; see also Johns Hopkins Healthcare, 2020 WL 3791565; Abira Medical Lab'ys LLC v. Molina Healthcare of Fla., 2024 WL 1182855 (E.D. Pa. Mar. 19, 2024); Abira Medical Lab'ys, LLC v. Cigna Health & Life Ins. Co., 2023 WL 4074081 (D.N.J. June 16, 2023); Abira Medical Lab'ys, LLC v. Humana, Inc., 2023 WL 3052308 (D.N.J. Apr. 4, 2023).

---

Metal Workers' Nat'l Pension Fund v. Elite Erectors, Inc., 212 F.3d 1031, 1035 (7th Cir. 2000); Federal Fountain, Inc. v. KR Entertainment, Inc., 165 F.3d 600, 601-602 (8th Cir. 1999); Republic of Panama v. BCCI Holdings (Luxembourg) S.A., 119 F.3d 935, 946-47 (11th Cir. 1997).

**V.    CONCLUSION**

Because the Court lacks personal jurisdiction over Defendant BCBS of Mississippi the

Motion to Dismiss the Complaint (Doc. No. 8) will be granted